IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DONALD M. PARADIS, ) | |
| ) | Case No. CV-03-150-N-BLW |
| Plaintiff, ) | |
| ) | **ORDER** |
| ) | |
| v. ) | |
| ) | |
| WILLIAM J. BRADY, Individually ) | |
| and in His Official Capacity; ) | |
| KOOTENAI COUNTY, a Political ) | |
| Subdivision of the State of Idaho; ) | |
| GLEN E. WALKER, Individually ) | |
| and in His Official Capacity ) | |
| as the Former Kootenai County ) | |
| Prosecutor; D. MARC HAWS; ) | |
| PETER C. ERBLAND; GEORGE ) | |
| ELLIOT, Individually and in Their ) | |
| Capacities as Agents of Kootenai ) | |
| County; and DOES A Through D, ) | |
| Fictitiously-Named Persons, ) | |
| ) | |
| Defendants. ) | |
| ) | |

On May 4, 2005, the Court held a scheduling conference with counsel for the parties. Counsel for the Plaintiff were directed to file his amended complaint within thirty (30) days and Counsel for all parties were ordered to meet and confer within fifteen (15) days after the amended complaint is filed to develop a stipulated litigation and discovery plan for this case.

ORDER - 1

At the telephonic scheduling conference, the parties questioned the scope of discovery. The Court earlier indicated that it would provide only for limited discovery until the immunity issues are resolved in this case. *See* Court Order of September 30, 2004 (Docket No. 92, at p. 76). In order to assist the parties in reaching an agreement on a litigation and discovery plan, the Court will clarify its view of the proper scope of discovery in cases like this, where the complaint includes federal claims against individual defendants in their personal capacity, federal claims against individual defendants in their official capacity, *Monell* claims against institutional defendants, and state law claims against all defendants. In short, it would appear that where a complaint includes a variety of claims, some of which are subject to a qualified immunity defense and others are not, it is appropriate to provide for limited discovery on the qualified immunity defense, but not limit discovery as to the remaining claims in which qualified immunity is not an issue.

Thus, discovery shall be limited only with respect to claims against individual Defendants in their *personal* capacities on non-state law claims. Full discovery may proceed where immunity is not at issue. For example, if a Defendant is sued in his personal and official capacities, limited discovery is applicable as to claims against him in his personal capacity, but full discovery is allowed as to claims against him in his official capacity or as a witness regarding an entity's liability, such as Kootenai County. *See Rome v. Romero,* 225 F.R.D. 640, 645 (D. Colo. 2004) (permitting limited discovery as to qualified immunity issues, but permitting unlimited discovery as to institutional

ORDER - 2

defendants and individual defendants sued in their official capacities); *Beck v. Taylor County*, 1998 WL 682265, *1 (D. Tex. 1998) (Purpose of qualified immunity limit on discovery for chief of police sued in his personal capacity is not circumvented where, "if discovery against the City requires his participation, he does so in his official capacity and without subjecting himself to the rigors of suit against him *individually*, which is the only focus of qualified immunity." (emphasis in original)).  The same logic suggests that if the allegations against a defendant involve both state law claims and federal constitutional claims, limited discovery is applicable as to the federal constitutional claims in which qualified immunity has been asserted, but full discovery is allowed as to the state law claims.¹  Further, private individuals sued as state actors under § 1983 are not usually entitled to assert a qualified immunity defense, and so full discovery should proceed if any Defendants fit into this category.  *See Richardson v. McKnight*, 521 U.S. 399 (1997); *Jensen v. Lane County*, 222 F.3d 570 (9th Cir. 2000).

This determination is based upon a limited opportunity to research and ponder the issue.  The Court will therefore permit the parties to seek reconsideration.  If any of the parties take a contrary view, they may, within ten days of this order, file an appropriate

---

¹In a short research session, the Court found no case indicating that qualified immunity applies to the state law claims, or that statutory governmental immunity for public entities and their employees is a ground for limiting discovery unless specifically provided by state statute. *See City of Lakewood v. Brace*, 919 P.2d 231, 243-245 (Colo. 1996) (noting existence of Colorado statute limiting discovery where sovereign immunity is asserted, and also discussing the difference between immunity from suit (limited discovery permitted) and immunity as a defense to a claim (full discovery permitted)), *rejected on other grounds by Johnson v. Fankell*, 520 U.S. 911, 914 (1997).  The parties are free to conduct their own research on this issue.

ORDER -  3

motion to reconsider accompanied by a supporting brief no longer than ten pages in length.  Any response briefs shall also be limited to ten pages and must be filed within five days after the filing of the motion to reconsider.  No reply briefs will be permitted.  The Court will then resolve the issue without oral argument and before the parties are required to meet and confer in an attempt to reach an agreement on a litigation and discovery plan.

With regard to the time frames which should be incorporated into the litigation and discovery plan, the Court cautions the parties that the litigation plan should not take into consideration an interlocutory appeal.  Should an appeal be filed, the litigation plan can be altered.  The Court expects the case to proceed in an accelerated fashion toward the interim step of motions for summary judgment on immunity issues.  The Court would suggest that limited discovery on the immunity issues should be concluded no later than 120 days after the amended complaint has been filed, and that the deadline for filing motions for summary judgment on the immunity issues be set no later than 60 days after the end of limited discovery.  In the event that there is no interlocutory appeal, the Court foresees a jury trial on any remaining issues being held by mid-2006.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Plaintiff shall filed his amended complaint within thirty (30) days.

IT IS FURTHER ORDERED that the parties shall meet and confer by telephone to develop a litigation plan within fifteen (15) days after Plaintiff has filed his amended

ORDER - 4

complaint.

IT IS FURTHER ORDERED that, within five (5) days after the "meet and confer" telephone conference, the parties shall submit a joint litigation plan or, if there is no agreement after consultation with other counsel, separate proposed litigation plans.

IT IS FURTHER ORDERED that, as to federal constitutional claims brought against Defendants in their individual capacities, discovery shall be limited to factual disputes necessary to a resolution of the Defendant's claim of qualified immunity. Unlimited discovery shall be permitted on (1) state law claims, (2) federal claims against private Defendants functioning as state actors, (3) federal constitutional claims against the institutional Defendants or individual Defendants sued in their official capacities, (4) claims for declaratory or injunctive relief, and (5) any information regarding the individual Defendants' version of the incidents in question.

IT IS FURTHER ORDERED that any party objecting to the Court's decision limiting discovery in the manner set forth in the preceding paragraph shall, within ten (10) days, file a motion to reconsider, accompanied by a brief not exceeding ten (10) pages in length.  Response briefs shall be filed within five (5) days thereafter and shall be limited to ten (10) pages.  No reply briefs will be permitted.

IT IS FURTHER ORDERED that counsel for the parties shall participate in a telephonic scheduling conference on **July 12, 2005, at 3:00 p.m**.  Plaintiff's counsel shall initiate the call to the Judge's chambers at (208) 334-9145.  The Court prefers that counsel use a conference call operator to place the call.

ORDER - 5

DATED: **May 5, 2005**

/s/ B. Lynn Winmill
B. LYNN WINMILL
Chief Judge
United States District Court

ORDER - 6