IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| DONALD M. PARADIS, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. CV-03-150-N-BLW |
| | ) | |
| v. | ) | **MEMORANDUM DECISION** |
| | ) | **AND ORDER** |
| WILLIAM J. BRADY, Individually | ) | |
| and in His Official Capacity; | ) | |
| KOOTENAI COUNTY, a Political | ) | |
| Subdivision of the States of Idaho; | ) | |
| GLEN E. WALKER, Individually | ) | |
| and in His Official Capacity as the | ) | |
| Former Kootenai County Prosecutor; | ) | |
| D. MARC HAWS; PETER C. | ) | |
| ERBLAND; GEORGE ELLIOT, | ) | |
| Individually and in Their Capacities | ) | |
| as Agents of Kootenai County, and | ) | |
| DOES A Through D, Fictitiously- | ) | |
| Named Persons, | ) | |
| | ) | |
| Defendants. | ) | |

Pending before the Court are Plaintiff's Motion to Disqualify Counsel

(Docket No. 260); Defendant Brady's Motion for Attorney Fees (Docket No. 262);

Baker & McKenzie's Motion for Attorney's Fees (Docket No. 266); Coudert

**Memorandum Decision and Order - 1**

Brothers LLP's Amended Petition for Attorney's Fees and Costs (Docket No. 268);

Defendant Brady's Rule 54 Request for Adversary Submissions (Docket No. 280);

Kootenai County Defendants' Motion for Sanctions Against Attorney Edwin

Matthews Pursuant to Fed. R. Civ. P. 11(c) (Docket No. 291); Kootenai County

Defendants' Motion to Strike the Reply Memorandum to Objections to Petitions

for Attorney Fees filed by Baker & McKenzie and Coudert Brothers LLP (Docket

No. 292); and Plaintiff's Motion to Strike Defendant Brady's Reply Brief on

Petition for Attorney's Fees (Docket No. 293).

These motions were filed prior to entry of judgment.  The Court

subsequently entered an Order directing entry of judgment disposing of the case as

to all parties.  Pursuant to that Order, these motions are deemed to have been re-

filed immediately following entry of the Judgment and will be considered on the

merits.

Having fully reviewed the record, the Court finds that the parties have

adequately presented the facts and legal arguments in their briefs and that the

decisional process would not be significantly aided by oral argument.  Therefore,

in the interest of avoiding further delay, the Court will makes its ruling based on

the motions, briefs, and record without oral argument.  D. Idaho L. Civ. R. 7(1)(b).

Accordingly, the Court enters the following Memorandum Decision and Order.

**Memorandum Decision and Order - 2**

## BACKGROUND

In 1981, Plaintiff was convicted of and sentenced to death for the murder of Kimberly Palmer in the Kootenai County District Court for the State of Idaho.  In 2001, after years of appeals and state and federal post-conviction relief proceedings, Plaintiff was ultimately released from custody following a successful federal habeas corpus review and subsequent plea agreement with the State of Idaho on remand.

After his release, Plaintiff brought this 42 U.S.C. § 1983 action asserting various claims against Defendants in their individual and official capacities.  On March 31, 2006, the Court granted summary judgment in favor of Defendant Brady on all claims and in favor of the other Defendants on certain claims.  *See Mem. Dec.*  (Docket No. 203).  On August 8 and 11, 2006, shortly before trial was scheduled to commence, United States Magistrate Larry M. Boyle conducted a settlement conference on the remaining claims.  On August 15, 2006, the remaining parties filed a Joint Stipulation for Voluntary Dismissal Under F.R.C.P. 41(a)(1)(ii) With Prejudice, No Fees/Costs (the "Stipulation for Dismissal") (Docket No. 261).  The Court ultimately entered an Order on the Stipulation, entered Judgment in favor of Defendant Brady, and dismissed the claims against the remaining parties.

**Memorandum Decision - 3**

Attorney William Mauk actively represented Plaintiff from the filing of the Complaint on April 9, 2003 through settlement.  Attorneys Daniel S. Sharp and Elaine Whitfield Sharp ("the Sharps") appeared on Plaintiff's behalf *pro hac vice* on December 29, 2003 and continued actively representing Plaintiff through settlement.  Mr. Mauk and the Sharps had a contingency agreement with Plaintiff. Attorney Edwin Matthews appeared on Plaintiff's behalf *pro hac vice* on May 8, 2006.  He had represented Plaintiff throughout the various earlier state and federal proceedings while with the firm of Coudert Brothers LLP ("Coudert").  At the time of his appearance in this proceeding, Mr. Matthews was with the firm of Baker & McKenzie, LLP ("Baker").  He declined the offer of Mr. Mauk and the Sharps to join in their contingency arrangement although he continued to participate to some degree in this proceeding.  Plaintiff eventually filed the pending motion to dismiss Mr. Matthews concurrently with filing the Stipulation for Dismissal.

Since the Stipulation for Dismissal was filed, there have been almost forty motions, responses, replies, supporting memoranda, bills of cost, and other documents filed by the parties.  Out of this confusing array of filings, the main issues appear to be (1) whether Plaintiff could dismiss Mr. Matthews and whether the dismissal was knowing and voluntary; (2) whether Defendant Brady is entitled to attorney's fees as a prevailing party; (3) whether Mr. Matthews' firms are

**Memorandum Decision - 4**

entitled to attorney's fees; and (4) whether Mr. Matthews is subject to Rule 11 sanctions.  The Court will group the motions and address them accordingly.

## MOTION TO DISQUALIFY COUNSEL (Docket No. 260)

Plaintiff initially filed a Notice of Dismissal of Mr. Matthews as one of his attorneys in this action stating that he "was no longer represented in any matter by Mr. Matthews."  Docket No. 258.  Mr. Mauk concomitantly filed a notice withdrawing his sponsorship of Mr. Matthews as an attorney *pro hac vice* on the grounds that Mr. Mauk believed Mr. Matthews had an irreconcilable conflict of interest and refused to withdraw.  Docket No. 259.  The Docket Clerk then directed that the Notice of Dismissal be filed as a Motion to Disqualify Counsel which resulted in the pending motion.

Mr. Matthews opposes the motion alleging that Mr. Mauk induced Plaintiff to sign the Notice of Dismissal in order to facilitate a private settlement with Defendants' counsel that provided for payment of legal fees to himself and the Sharps to the exclusion of Mr. Matthews.  Docket No. 264.  Mr. Matthews questions whether Plaintiff's signing of the notice of dismissal was knowing and voluntary given that Mr. Matthews had represented Plaintiff for twenty years, essentially saving Plaintiff's life and obtaining his freedom, and because Plaintiff had apparently made a statement during settlement negotiations that he did not

understand why Mr. Matthews would not get any fees.  *Id.*

Mr. Mauk has filed a detailed responsive affidavit countering Mr. Matthews'
allegations.  Docket No. 276-3.  The Court does not find it necessary to detail the
respective positions of counsel or their respective versions of the settlement
negotiations.  Suffice it to say, these attorneys who have had a twenty-year
relationship representing Plaintiff have had a parting of the ways arising out the
settlement of this case.  No other party has opposed the motion to disqualify
counsel, and Plaintiff himself has not sought to withdraw the motion.

While the Court's local rules specify certain requirements for substitution or
withdrawal of an attorney of record who is the *sole* representative for a party, they
are silent regarding the issue of substitution or withdrawal where a party has more
than one attorney of record.  *See* D. Idaho L. Civ. R. 83.6.   Furthermore, a client
has an absolute right discharge his attorney at any time with or without cause.  *See,
e.g., County, Mun. Employees' Supervisors' and Foremen's Union Local 1001 v.
Laborers' Intern. Union of North America, 365 F.3d 576, 579 (7th Cir. 2004)*
(citing American Law Institute, *Restatement of the Law Governing Lawyers* §§ 43,
44 (2000) (collecting authority)).  *See also  Idaho Code of Professional
Responsibility*, Rule 1:16, comment 4 (a client may discharge his attorney at any
time, subject to liability for payment of his services); 7A C.J.S. Attorney & Client

**Memorandum Decision - 6**

§ 266 (2007) (right of client to discharge is necessarily implied in attorney-client relationship and is absolute); 7 Am. Jur. 2d Attorneys at Law § 181 (2006).

A review of the filings in this case since Mr. Matthews' admission reveals that Mr. Matthews has not participated in the filing of any motions or responses on substantive matters.  It is apparent that Mr. Mauk and the Sharps were the only counsel actively representing Plaintiff notwithstanding at least an occasional consultation with Mr. Matthews in connection with that representation.  While Mr. Matthews may have provided some valuable assistance in this proceeding with his intimate knowledge of the prior proceedings, it is unlikely that his removal from the case would have adversely affected Plaintiff or delayed the case whether it had been settled or not.

The Court finds that it was not necessary for Plaintiff to receive the approval of this Court in order to dismiss Mr. Matthews.  The local rules appear to require leave of Court only where the dismissed attorney is a party's *sole* counsel which Mr. Matthews most definitely was not.  However, even if he were required to receive Court approval, the Court would grant it.  It is obvious that Mr. Matthews was only tangentially involved in this proceeding having not entered an appearance until three years after the Complaint had been filed and having not participated in the filing, opposing, or arguing for or against any motions since that time.  There is

simply no indication of prejudice to any of the parties resulting from Plaintiff's

dismissal of Mr. Matthews.   Indeed, Mr. Matthews' expressions of concern for

whether Plaintiff signed the dismissal knowingly and voluntarily appear to be

motivated by his concern for recovering not only fees incurred in this action but

also fees incurred during the prior appeal and habeas proceedings.[1]  Accordingly,

the Court will grant Plaintiff's motion to disqualify Mr. Matthews.

## COUDERT BROTHERS'S AMENDED MOTION FOR ATTORNEY'S FEES AND COSTS (Docket No. 268) and BAKER & MCKENZIE, LLP MOTION FOR ATTORNEY'S FEES AND COSTS (Docket No. 265) and KOOTENAI DEFENDANTS' MOTION TO STRIKE REPLY MEMORANDUM (Docket No. 292)

These motions refer to or encompass the filings made at Docket Nos. 264

through 269.  Mr. Matthews is seeking recovery of fees for his representation of

Plaintiff over a period of twenty years while he was with the Coudert firm and

Baker firm.  Underlying Coudert's and Baker's motions is the claim that Mr.

Matthews was dismissed from representing Plaintiff in order to facilitate the

settlement of this case.

---

[1]  While the Court does not dispute Mr. Matthews' possible entitlement to recover fees for past representation if Plaintiff had prevailed at trial, the fact is that this case was resolved by settlement.  As discussed more thoroughly below, it is abundantly clear that a Plaintiff can waive his right to attorney fees under 42 U.S.C. § 1988.  *See Evans v. Jeff D., 475 U.S. 717, 730-32 (1986).*

**Memorandum Decision - 8**

Coudert seeks an award of $2,016,718 in attorney's fees and $16,945.25 in costs pursuant to 42 U.S.C. § 1988, D. Idaho L. Civ. R. 54.2, and Fed. R. Civ. P. 54(d) and 58, on the grounds that Plaintiff is the prevailing party and that § 1988 permits recovery of fees incurred in the various state and federal post-conviction relief matters, in addition to the pending § 1983 action, from 1986 through 2005. Docket No. 268, ¶ 4; Docket No. 269, pp. 27 - 31.  Baker is seeking attorney's fees of $98,420.00 and costs of $1,770.09 incurred during the pendency of the § 1983 action from September 23, 2005 through settlement.  *See Decl. of Counsel Supporting Baker & McKenzie Petition for Attorney's Fees and Costs* (Docket No. 266).[2]

The Kootenai County Defendants object to these motions on the grounds that neither Coudert nor Baker have standing to request attorney's fees and costs and that Plaintiff was not a prevailing party.[3]  *See* Docket No. 272.   The remaining Defendants and Plaintiff also oppose the motions primarily adopting the arguments of the Kootenai County Defendants.  *See* Docket No. 274, 275, and 276.  Plaintiff

---

[2]  Although Mr. Matthews did not become co-counsel of record until May 8, 2006, he seeks attorney's fees and costs on behalf of Baker commencing December 25, 2005 through August 29, 2006 for services rendered in connection with this § 1983 action.  Docket No. 266, ¶ 1.

[3]  They had also argued that the motions were untimely.  However, that objection is moot given the entry of Judgment and the Court's deeming the motions filed after entry of Judgment.

further asserts that there is no contractual relationship between Plaintiff and Baker or Plaintiff and Coudert to form the basis of any claim for fees or costs. *See* Docket No. 276. Mr. Matthews, on behalf of Baker and Coudert, replied to all arguments, but his main contention remains that he was shut out of the settlement negotiations. *See* Docket No. 297-2.[4]

### A.    Standard of Law

As discussed above, § 1988 provides that the Court may award attorney's fees to a prevailing party in a § 1983 civil rights action. However, a prevailing plaintiff may waive the right to attorney's fees in the course of reaching a settlement of his claims. *Evans v. Jeff D.*, 475 U.S. 717, 730-32 (1986). Indeed, waiving attorney's fees often facilitates settlement. *Id.* at 736-37 (noting that defendants would be less likely to settle if they would remain exposed to an uncertain amount of attorney's fees).

Section 1988 provides the right to attorney's fees to the successful party, *not* to the attorney. *Id.* at 730-32. The Ninth Circuit has consistently applied the other prong of the *Evans* holding that the attorney of a prevailing civil rights litigant does not have standing to seek attorney's fees when that litigant has waived that

---

[4] Although the Kootenai County Defendants have moved to strike the reply, the Court declines to do so. Although a reply is not contemplated by the local rules, it is also not prohibited. Given the unusual nature of this claim, the Court has considered the Reply in the interest of having complete information on which to base its ruling.

**Memorandum Decision - 10**

right:

> The Supreme Court has held that Section 1988 vests the right to seek attorney's fees in the prevailing party, not her attorney, and that attorneys therefore lack standing to pursue them. *Evans v. Jeff D., 475 U.S. 717, 730-32, 106 S.Ct. 1531, 89 L.Ed.2d 747 (1986)*; see also *Venegas v. Mitchell, 495 U.S. 82, 88, 110 S.Ct. 1679, 109 L.Ed.2d 74 (1990)*; *Churchill Vill., L.L.C. v. Gen. Elec., 361 F.3d 566, 579 (9th Cir.2004)*; *United States ex rel. Virani v. Jerry M. Lewis Truck Parts & Equip., Inc., 89 F.3d 574, 577 (9th Cir.1996)*; *Willard v. City of Los Angeles, 803 F.2d 526, 527 (9th Cir.1986)*. Once the prevailing party exercises her right to receive fees, the attorney's right to collect them vests, and he may then pursue them on his own. *Virani, 89 F.3d at 578*. Unless and until the party exercises this power, however, the attorney has no right to collect fees from the non-prevailing party, and the non-prevailing party has no duty to pay them. *Id.* A prevailing party may waive her statutory eligibility for attorney's fees as a condition of settlement. *Evans, 475 U.S. at 737-38, 106 S.Ct. 1531* (concluding that 42 U.S.C. § 1988 does not create a general rule prohibiting settlements conditioned on the waiver of fees).

> In this case, [Plaintiff], the prevailing party, did not exercise her rights to pursue attorney's fees. To the contrary, she waived them as a condition of settlement with the County. Accordingly, under the Court's ruling in *Evans* and our ruling in *Virani*, Mitchell has no standing to pursue attorney's fees merely as a result of his position as [Plaintiff's] former attorney.

*Pony v. County of Los Angeles, 433 F.3d 1138, 1142 (9th Cir. 2006)*. This places the attorney at the mercy of the client "who can either demand attorneys' fees from the defendant, or not, as he chooses. If the client chooses not to ask for the fees,

**Memorandum Decision - 11**

the attorney has no standing to request them."  *United States ex rel. Virani v. Jerry M. Lewis Truck Parts & Equip., Inc.*, 89 F.3d 574, 577 (9th Cir.1996).

### B.    Discussion

The Court does not have the settlement agreement before it.  Rather, it has only the Stipulation for Dismissal.  That Stipulation clearly states that Plaintiff and all of the remaining Defendants stipulate to dismissal of the action with prejudice and "with all parties bearing their own costs and attorneys fees . . . ."  Plaintiff clearly had the right to waive costs and attorney's fees in order to facilitate settlement with the remaining Defendants.  On the other hand, Coudert and Baker clearly do not have the right to now pursue attorney's fees that Plaintiff rightfully waived.  Plaintiff having chosen not to ask for fees, Coudert and Baker have no standing to request them.  *See Virani*, 89 F.3d at 577.

Because the standing issue alone is dispositive of Coudert's and Baker's claims, the Court will not address the other objections raised by Defendants.

### C.    Conclusion

In light of the clear right of Plaintiff to waive attorney's fees and Coudert's and Baker's lack of standing to seek fees, Coudert's and Baker's motions must be denied.  While Coudert and Baker may have a claim for fees against his client, that is a contractual dispute which can – and should – be brought in an independent

action.   If Coudert and Baker feel that they have a claim against Mr. Mauk and the Sharps for interfering with their right to attorney fees, that claim can also be brought as part of their claims against their client.

## MOTION FOR SANCTIONS (Docket No. 291)

The Kootenai County Defendants have moved for sanctions against Mr. Matthews pursuant to Fed. R. Civ. P. 11(c) on the grounds that Mr. Matthews filed petitions for attorney's fees and costs on behalf of Coudert and Baker with admitted knowledge that there was no foundation in the law or fact for such a request given that Coudert and Baker have no standing to request attorney fees. Docket No. 291.  These Defendants request as sanctions an award of attorney fees and costs for having to object to the requests for attorney fees.  *Id*.  Mr. Matthews not only objects to sanctions, he also urges sanctions against the Kootenai County Defendants for filing a frivolous Rule 11 motion for sanctions against him.  Docket No. 297.

As discussed above, Coudert and Baker clearly have no standing to request attorney's fees on their own behalf.  Nevertheless, the Court will not impose Rule 11 sanctions, in part because to do so would likely generate another round of submissions and objections causing the parties to incur even more attorney's fees, and in part because the Court believes it would add insult to injury to sanction Mr.

**Memorandum Decision - 13**

Matthews when he has apparently contributed to this case in a meaningful way.


**DEFENDANT BRADY'S MOTION
FOR ATTORNEY'S FEES (Docket No. 262)
and
DEFENDANT BRADY'S RULE 54 REQUEST FOR
ADVERSARY SUBMISSIONS (Docket No. 280)
and
PLAINTIFF'S MOTION TO STRIKE
DEFENDANT BRADY'S REPLY BRIEF (Docket No. 293)**

Defendant Brady requests an award of attorney's fees in the amount of

$76,750.20 and costs in the amount of $1,844.23 pursuant to 42 U.S.C. § 1988, D.

Idaho L. Civ. R. 54.2, and Fed. R. Civ. P. 54(d) and 58, on the grounds that he

prevailed on all claims alleged by Plaintiff.  Plaintiff opposes the motion on the

grounds that the claims against Brady were not frivolous, unreasonable, or without

foundation, and that Brady's petition for costs and attorney's fees did not meet the

procedural requirements of D. Idaho L. Civ. R. 54.2.  Docket No. 271.

Defendant Brady thereafter requested, pursuant to Fed. R. Civ. P.

54(d)(2)(C) that he be afforded an opportunity to make adversary submissions by

affidavit supporting his petition for attorney's fees and expenses.  Docket Nos. 280

and 284.  Plaintiff opposes the request on the grounds that Defendant Brady is

merely trying to correct the inadequacies of his motion for attorney's fees and

costs.  Docket No. 290.

**Memorandum Decision - 14**

A.     Standard of Law

A district court may award attorney's fees to a prevailing defendant in a civil rights case if it finds that plaintiff's action was "frivolous, unreasonable, or without foundation."  *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421 (1978); *see also Hughes v. Rowe*, 449 U.S. 5, 14 (1980) (applying *Christiansburg* standard to civil rights cases); 42 U.S.C. § 1988 ("in any action or proceeding to enforce [civil rights provisions] . . . the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs.").   The Court should make this determination based on an assessment of the claim as of the complaint was filed.  *Tutor-Saliba Corporation v. City of Hailey*, 452 F.3d 1055, 1060 (9th Cir. 2006).  The Court should not conclude that a plaintiff's case was unreasonable or without foundation simply because he did not ultimately prevail. *Id.* (citing *Warren v. City of Carlsbad*, 58 F.3d 439, 444 (9th Cir. 1995) and *Christiansburg*, 434 U.S. at 421-22).  Conversely, a prevailing defendant is not entitled to attorney's fees merely because he prevails on the merits.  *Vernon v. City of Los Angeles*, 27 F.3d 1385, 1402 (9th Cir. 1994).

In addition to awarding attorney's fees to a prevailing party under § 1988, the Court has the discretion under that statute to award out-of-pocket expenses and costs.  *Tutor-Saliba*, 452 F.3d at 1058, n.1 (citing *Davis v. Mason County*, 927

Memorandum Decision - 15

F.2d 1473, 1487-88 (9th Cir. 1991) (holding that reasonable out-of-pocket

expenses normally billed to fee-paying clients may be awarded under § 1988).  The

Court is not restricted to awarding statutory items of costs under 28 U.S.C. § 1920.

*Id.*

### B.    Discussion

The parties have discussed the differing policy considerations behind the

provision of an award of attorney's fees under § 1988 to a prevailing plaintiff as

opposed to a prevailing defendant, and the Court need not further expound on

those.  They agree that an award to a prevailing defendant is warranted only where

the claims are frivolous, unreasonable, or without foundation.  Rather, the area of

disagreement is whether Plaintiff's claims fall into that category.

The Court notes that some of Plaintiff's claims survived Defendant Brady's

motion to dismiss the original complaint.  *Mem. Dec.* (Docket No. 92).  Thereafter,

Plaintiff filed an Amended Complaint in which he asserted against Defendant

Brady's § 1983 claims of malicious prosecution, pre-arrest conspiracy to fabricate

jurisdiction and probable cause, and conspiracy to withhold exculpatory evidence.

He also asserted state law claims of intentional infliction of emotional distress and

false light invasion of privacy.

The Court granted Defendant Brady summary judgment on the § 1983

**Memorandum Decision - 16**

claims and dismissed the state law claims on statute of limitations and absolute

witness immunity grounds.  Because recovery of attorney's fees under § 1988 is

necessarily limited to the § 1983 claims, the Court is only concerned with whether

Plaintiff's § 1983 claims were frivolous, unreasonable, or without foundation.  The

fact that the Court granted summary judgment on the § 1983 claims in and of itself

does not mean the claims may be categorized as such.

     The Court found that Plaintiff's malicious prosecution claim failed because

he entered into a compromise to dispose of the homicide charges; that the

allegations of the pre-arrest conspiracy to fabricate jurisdiction claim failed

because they were inextricably tied to Defendant Brady's court testimony for

which he had absolute immunity; and that his claim of conspiracy to withhold

exculpatory evidence failed due to lack of evidence.

     With regard to the malicious prosecution claim, case law was clear well

before this § 1983 action was commenced that a compromise of charges precludes

such a claim.  *See Myers v. City of Pocatello*, 559 P.2d 1136 (Idaho 1977); *Awabdy*

*v. City of Adelanto*, 368 F.3d 1062, 1068 (9th Cir. 2004).  However, what was not

so clear was whether Plaintiff's being offered a deal in which he would plead to a

lesser crime rather than be retried for murder constituted such a compromise.

     The malicious prosecution claim was denied on the alternative ground of

**Memorandum Decision - 17**

absolute witness immunity as was the claim of pre-arrest conspiracy to fabricate

jurisdiction.  Case law was clear at the time the complaint was filed that a trial

witness is entitled to absolute immunity even for giving false testimony.  *See*

*Briscoe v. LaHue*, 460 U.S. 325 (1983).  However, such immunity does not extend

to "non-testimonial acts such as fabricating evidence." *Cunningham v. Gates*, 229

F.3d 1271, 1291 (9th Cir. 2000).  At the time the complaint was filed, given the

findings in the habeas action, Plaintiff had at least a colorable claim that Defendant

Brady's alleged acts were non-testimonial notwithstanding that he ultimately did

not prevail on the claim.

Finally, Plaintiff's claim of conspiracy to withhold slides of the victim's

lungs prior to trial failed due to lack of evidence and failure to show that the

evidence was exculpatory.   It is perhaps arguable that this claim was frivolous,

unreasonable, or without foundation.  However, given the findings in the habeas

action, and the fact that this claim in intertwined with the other § 1983 claims, the

Court does not so find.

## C.    Conclusion

The Ninth Circuit has recognized that "the Supreme Court has established a

high hurdle for prevailing defendants to clear before being awarded attorney fees

under [§ 1988] . . . ." *Saman v. Robbins*, 173 F.3d 1150, 1158 (9th Cir. 1999)

**Memorandum Decision - 18**

(referring to *Hughes v. Rowe*, 449 U.S. 5, 14 (1980)).  Based on its review of the record and its own recollections, the Court finds that Defendant Brady has not cleared that hurdle.  Plaintiff's claims, while ultimately unsuccessful, were not frivolous, unreasonable, or without foundation.  Had they been so, the proceeding would not have required three years of extensive discovery, extensive briefing of legal and factual issues, and lengthy decisions addressing nuances of the various theories.  Indeed, in seeking an award of fees, Defendant Brady's counsel describes the proceeding as "complex," raising "difficult questions," and exposing Defendant Brady to "the risk of monetary award in plaintiff's favor."  *See* Docket No. 271, at 3; 9.  Such descriptive terms hardly suggest claims for which there was no colorable legal or factual basis.   The parties' strenuous arguments citing extensively to facts in the record and interpreting them in light of the various claims belie any assertion that it was apparent at the time the complaint was filed that the claims were devoid of merit.[5]  Accordingly, Defendant Brady's Motion for Attorney's Fees is denied.  Likewise, his request for costs contained therein is denied.[6]

---

[5]  In reaching this conclusion, the Court has considered Defendant Brady's Reply Brief despite Plaintiff's motion to strike it.  Plaintiff had anticipated and addressed Brady's arguments in his Response.  Therefore, the Court will deny the motion to strike.

[6]  Defendant Brady sought costs only pursuant to § 1988.  He admitted he had no taxable costs under Fed. R. Civ. P. 54(d).  *See* Docket No. 279 at 14.

**Memorandum Decision - 19**

**ORDER**

NOW THEREFORE IT IS HEREBY ORDERED:

1.  Plaintiff's Motion to Disqualify Counsel (Docket No. 260) is

    GRANTED.

2.  Defendant Brady's Motion for Attorney's Fees (Docket No. 262) is

    DENIED.

3.  Baker & McKenzie's Petition for Attorney Fees and Costs (Docket

    No. 265) is DENIED.

4.  Coudert Brothers LLP's Amended Petition for Attorney's Fees and

    Costs (Docket No. 268) is DENIED.

5.  Defendant Brady's Rule 54 Request for Adversary Submissions

    (Docket No. 280) is DEEMED MOOT.

6.  Kootenai County Defendants' Motion for Sanctions Against Attorney

    Edwin Matthews Pursuant to Fed. R. Civ. P. 11(c) (Docket No. 291) is

    DENIED.

7.  Kootenai County Defendants' Motion to Strike Reply Memorandum

    to Objections to Petitions for Attorney Fees filed by Baker &

    McKenzie and Coudert Brothers LLP (Docket No. 292) is DENIED.

8.  Plaintiff's Motion to Strike Defendant Brady's Reply Brief on Petition

for Attorney's Fees (Docket No. 293) is DENIED.

DATED:  **March 27, 2007**



Honorable B. Lynn Winmill
Chief U. S. District Judge